983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sabrina Jo LITTLE, Plaintiff-Appellant
v.
HIGHLANDS HOSPITAL CORPORATION, INC., Defendant-Appellee
 No. 91-6378.
 United States Court of Appeals,
Sixth Circuit.
 Dec. 21, 1992.
 
 Before MERRITT, Chief Judge, BOYCE F. MARTIN, JR. and BOGGS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 This is an appeal from the District Court's dismissal with prejudice of plaintiff Sabrina Jo Little's Title VII quid pro quo sex discrimination and sexually hostile work environment claims. Ms. Little claims the District Court erred at three stages of its disposition of her case. First, she claims the District Court should not have granted the defendant hospital's motion for partial summary judgment on her quid pro quo sexual harassment claim. Second, she claims that once it had granted summary judgment on the quid pro quo claim, the court erred by refusing to allow her to amend her complaint to add a sexually hostile work environment claim under Kentucky state law for compensatory and punitive damages, remedies not available at the time under Title VII. Third, Ms. Little claims that after refusing to allow her to amend her complaint, the court erred by dismissing the case with prejudice when she moved to dismiss voluntarily without prejudice under Federal Rule of Civil Procedure 41(a)(2), thereby effectively denying her a fair hearing of her sexually hostile work environment claims in any court.
 
 
 2
 We review a district court's grant of summary judgment under a de novo standard. Massey v. Exxon Corp., 942 F.2d 340, 342 (6th Cir.1991). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 3
 To prevail on a quid pro quo sex discrimination claim, a plaintiff must show that "the employee's submission to the unwelcomed advances was an express or implied condition for receiving job benefits or that the employee's refusal to submit to a supervisor's sexual demands resulted in a tangible job detriment." Highlander v. K.F.C. National Management Co., 805 F.2d 644, 648 (6th Cir.1986) (emphasis added). Ms. Little's record of excessive absence and tardiness is amply supported in the record and there is no indication that she was singled out for discipline because of any failure to accede to the sexual demands of supervisors. Even taking Ms. Little's allegations of sexual harassment as true and construing the facts in the light most favorable to her, there is no showing that she was terminated for any reason other than her poor attendance record and her failure to notify her supervisors that she would not return to work after a medical leave of absence expired.
 
 
 4
 We review the grant of summary judgment to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Massey, 942 F.2d at 342 (citing Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1310 (6th Cir.1989)). Because there was no evidence presented that would allow a jury to find that Ms. Little was terminated because of her failure to submit to a supervisor's sexual demands, we affirm the District Court's dismissal of the quid pro quo sex discrimination claim with prejudice.
 
 
 5
 After the District Court granted the defendant's motion for summary judgment on the quid pro quo claim, plaintiff moved to amend her complaint to add a sexually hostile work environment claim under Kentucky state law that would have allowed her to seek damages that were not available under Title VII at the time.[1] The District Court denied this motion. Ms. Little then moved to dismiss her case voluntarily without prejudice so that she could bring her sexually hostile work environment claim in state court and attempt to get compensatory or punitive damages there. The District Court denied this motion and granted the defendant's motion to dismiss the entire case with prejudice.
 
 
 6
 In denying plaintiff's motion to amend her complaint and by then dismissing her sexually hostile work environment claim with prejudice, the District Court denied plaintiff a day in court on her sexually hostile work environment claim. Although we express no opinion on the merits of her sexually hostile work environment claim, we conclude that plaintiff was entitled to have this claim adjudicated. The record presents a colorable claim. We are reluctant to close the doors of the state and federal courts before such a claim has been considered. For this reason we reverse the District Court's dismissal of the sexually hostile work environment claim with prejudice, and hold that the claim is dismissed without prejudice.
 
 
 7
 Accordingly, the summary judgment entered by the District Court on plaintiff's quid pro quo sex discrimination claim is affirmed, but the case is remanded with instructions that the dismissal by the District Court be made without prejudice on plaintiff's sexually hostile work environment claim.
 
 
 
 [1]
 Congress amended Title VII in 1991 to provide compensatory and punitive damages for intentional discrimination, 42 U.S.C. § 1981a(a)(1). We do not reach the question of whether these amendments should be applied retroactively in cases such as this one